Vincent F Spata, Esq.
Attorney at Law PLLC
1275 74th Street
Brooklyn New York 11228
Tel. No:(718) 614-2127

UNITED STATES DISTRICT COURT
EASTERN DISRICT OF NEW YORK

| | |
|---|---|
| JACOB KELLNER, PRESIDENT I&L DISTRIBUTING, INC., | Docket No._____ |
| Plaintiff, | Civil Case |
| v. | **VERIFIED COMPLAINT** |
| AMAZON.COM, ITS BOARD OF DIRECTORS, & STOCKHOLDERS, | **JURY TRIAL DEMANDED** |
| Defendants. | |
| _____/ | |

**Comes now, Jacob Kellner,** and who hereby files civil complaint by and through his attorney Vincent F. Spata, Esq., against Defendant Amazon, et-al', and in support thereof, states and alleges as follows.

1. That Plaintiff Jacob Kellner is more than 18 years of age, a citizen of the United States, an entrepreneur, with a principal business office located at 5824-12th Avenue, Brooklyn NY 1121, and President of I&L Distributing, Inc., a domestic corporation organized under the laws of the State of New York.

**JURISDICTION & VENUE**

2. That this Honorable Court has Jurisdiction over plaintiff's instant civil complaint

1

pursuant to **Title 28 Section 1331,** where a federal question exists and the amount plaintiff is suing for exceeds $75,000,00 dollars.

3. That venue lies before this Honorable Court pursuant to **Title 28 USC Section 1391,** where plaintiff resides and conducts business within the judicial district of this Court, and the events complained of occurred within the judicial district of this Court.

## THE PARTIES

4. That plaintiff Jacob Kellner, is an entrepreneur, who is President of I&L Distributing Inc., and former third party independent 'seller store', consumer selling goods in commerce on Defendant Amazon, internet platform, under a contract between the parties.

5. That Defendant Amazon, their Directors and Shareholders, based on information and belief is a domestic Corporation, conducting business primarily on the internet on a National and Worldwide basis.

## PRELIMINARY STATEMENT

6. That plaintiff civil case against defendant Amazon arises from more than nine year business relationship between the plaintiff and amazon, pursuant to an independent 'seller store' contract, where plaintiff sold his product line in commerce, including toys.

Plaintiff during the nine year business relationship with amazon operated a profitable business on amazon internet 'seller store' platform, until amazon without stating any cause, or providing indispensable notice terminated the 'seller store' agreement with the plaintiff, throwing a switch to shut down plaintiff online amazon 'seller store' platforms, causing plaintiff

to suffer more than five million dollars in ascertainable damages.

That during contractual relationship between the parties defendant acting with sinister, deceit, and fraud, gathered plaintiff business information, converted it to their own use, then terminated plaintiff's seller platform, redirecting future orders for sales to defendant amazon.

That defendant amazon, engaged in a pattern and practice to violate United States Anti-Trust laws, including the Clayton Act as codified under 15 **U.S.C. §§ 12–27**, 29 **U.S.C. §§ 52–53**), in which Congress **sought to prevent anticompetitive practices in their incipiency,** and where defendant amazon, had competing business interest in the 'toy' market, with the plaintiff and terminated plaintiff as a competitor, seizing plaintiff toy product being held by amazon in their fulfillment center, and ultimately selling plaintiff toys being held, under defendant amazon own brand.

That defendant amazon further engaged in a pattern and practice of Fraud in Inducement by falsely advertising third party sellers as 'partners', to encourage and induce entrepreneurs like the plaintiff into becoming third party sellers, through the defendant 'seller store' internet platform, with defendant amazon using the 'seller platform platform as a **'ruse' to surreptitiously** gather confidential plaintiff business information, such as plaintiff purchasing source, and customer base, converting it to defendants own business use.

Additionally, defendants did engage in a pattern and practice of **Fraud in**

3.

**Concealment, by surreptitiously,** concealing their nefarious plan to convert plaintiff toy brand to defendant, who ultimately shut down plaintiff amazon online 'seller store', preventing plaintiff from his customer base by changing computer driven algorithms redirecting future plaintiff customer base sales to defendant amazon internet platform, depriving plaintiff of future sales, while profiting from the unlawful conversion, and this civil action now follows.

## FACTS INTEGRAL TO ALL COUNTS

7. That plaintiff an entrepreneur, is the President/CEO of plaintiff I&L Distributing Inc., a domestic corporation formed and organized under the laws of the State of New York.

8. That on or about February 2009, plaintiff entered into an online 'store seller' contract with defendant amazon, who based on information and belief is a domestic corporation doing business primarily on the internet, engaging in commerce, on a National Basis, and who sought to promote and market their own brand and market through third party independent **'seller stores'**, as owned by the plaintiff pursuant to a contract with defendant amazon.

9. That plaintiff became interested in the amazon 'seller store' market as a consumer, and based upon advertising campaign launched by defendant amazon to promote the opportunity to consumers.

10. That amazon promoted the 'seller store' opportunity to consumers as a partnership with amazon and third party independent 'store sellers', engaged in retail and wholesale sales in commerce.

4.

11. That plaintiff was induced and motivated to participate in the defendant amazon online 'store seller' platform, since amazon dominated the internet retail sales market space with more than 40% of the marketplace, making it an impossibility for plaintiff to grow any online business successfully in light of amazon's dominance of the internet commerce marketplace with more than 40% of the market share.

12. That plaintiff was at all material times and still is a competitor of defendant amazon.

13. That defendant amazon knowingly and **surreptitiously** engaged in an illicit scheme to eliminate the plaintiff as competition in the online internet online commerce in the sale of toys and other retail and wholesale products.

14. That defendant amazon knowingly and intentionally engaged in a pattern and practice of deceit against the plaintiff, to unlawfully eliminate competition in violation of the Clayton Act, and engaged in monopolistic practices to eliminate competition in commerce and fix prices in various internet commerce retail and wholesale markets, including but not limited to toys.

15. That defendant amazon during all material times during instant complaint engaged in a pattern and practice of conduct conducive to the formation of a monopoly, causing plaintiff to suffer substantial ascertainable damages and other loses.

16. That defendant amazon engaged in anti-competitive practices against the plaintiff who operated an online seller store under contract with defendant amazon, by arbitrarily and capriciously terminated the online store seller platform of the plaintiff without indispensable notice and without providing any cause.

17. That defendant amazon after terminating plaintiff online seller store contract unlawfully converted plaintiff toy inventory being held by amazon in their full-fillment center, to their own use and sold the toy inventory under the amazon brand without any compensation to plaintiff for his toy inventory.

18, That defendant amazon had targeted the plaintiff online seller store as competition and unlawfully eliminated competition by arbitrarily and capriciously terminating plaintiff independent seller contract operating on the amazon platform since on or about 2009, in violation of the Clayton Act.

19, That defendant amazon acted with a wanton disregard for plaintiff rights in commerce and deliberately interfered with plaintiff in commerce by arbitrarily and capriciously terminating plaintiff seller contract on the amazon internet platform to eliminate competition and enhance their own market share of the internet toy market.

20, That defendant knowing concealed their agenda to eliminate competition in the internet commerce market place by inducing third party independent entrepreneurs engaged in commerce to participate in the defendant online internet 'seller store' program, under contract with the defendant, allowing use of defendant amazon internet platform to market their goods, with a surreptitious nefarious scheme to gather participants confidential business data, including the wholesalers where they purchased good, the price they paid, and the participants computer generated customer base, then arbitrarily and capriciously terminate 'seller' contract, without indispensable notice, or stated cause, redirecting future sales to defendant brand, through changing computer algorithms, depriving 'seller store' participant from continued future sales and contact with seller core customer base.

21. That defendant amazon had a duty as a party to a contract with the seller store

6.

owner under the contract to abide by the doctrine of 'good faith and fair dealing', and breached that duty, by interfering with seller store participants (the plaintiff) from benefiting from the contract, and to do no harm to the seller as a party to the contract.

22. That defendant amazon Had a duty to reveal their true agenda and scheme involving 'seller store' owners and breached that duty of good faith and fair dealing.

23. That defendant amazon, intentionally concealed their evil motive from the plaintiff as a 'seller store' participant because defendant true scheme violated the Clayton Act, in serving to eliminate competition in commerce in the internet market place, which defendant amazon control more than a 40% share in.

24. That plaintiff did not know about defendant amazon evil motive and nefarious scheme to eliminate competition until after and during his participation in the defendant online 'seller store' program, and had defendant known of defendant amazons intent to eliminate competition, her would not have agreed to participate in the amazon seller program.

25. That defendant intentionally concealed and suppressed the fact to eliminate competition, with the intention of defrauding the plaintiff.

26. That defendant amazon engaged in a scheme to form a monopoly over the internet commerce marketplace, in violation of the Clayton Act, and defrauded the plaintiff causing the plaintiff suffer harm, ascertainable damages, and other loses.

27. That defendant amazon grand illicit scheme was to eliminate competition in the internet commerce marketplace, and on the ground, in violation of the Clayton Act, and plaintiff was a victim of defendant amazon illicit scheme, causing the plaintiff to suffer harm to his

business, ascertainable losses and other damages.

28.     That defendant amazon, intentionally, deliberately interfered with plaintiff rights in commerce, by terminating amazon 'seller store' contract without indispensable notice or cause, and caused plaintiff business to face bankruptcy, by removing plaintiff customer base from plaintiff by changing computer algorithms redirecting all future plaintiff customer based sales to amazon brand platform, depriving the plaintiff of future and ongoing sales revenue.

29.     That plaintiff had an economic relationship that was likely to benefit the plaintiff through sales on his defendant amazon internet 'seller store' platform, and grew the economic relationship to more than five million dollars in sales annually during the terms of the seller store contract with amazon.

30.     That defendant amazon had knowledge of plaintiff economic relationship with plaintiff and plaintiff customer base, and deliberately interfered with that relationship, by terminating plaintiff 'amazon 'seller store' contract without indispensable notice, or cause, except to eliminate competition in violation of the Clayton Act, and engage in monopolistic practices to accomplish that end.

31.     That defendant amazon monopolistic practices, and intent to eliminate competition was wrongful, and deliberate. Intended to disrupt plaintiff economic relationship with plaintiff client base, and had knowledge that terminating plaintiff 'seller store' amazon platform, without notice, or cause, likely to disrupt plaintiff business and economic relationship with plaintiff customer base, and a causal connection between defendant wrongful act and harm caused to the plaintiff business, together with ascertainable losses and other damages, exists, and resulted from defendant Tortious Interference.

32. That defendant wrongful termination of plaintiff 'seller store' contract caused a disruption in plaintiff business and sales, causing harm to the plaintiff, and there is a nexus between the wrongful termination of plaintiff seller contract with defendant amazon, and the ascertainable damages, and other damages and losses suffered by the plaintiff, and harm plaintiff business suffered.

## COUNT ONE
## VIOLATION OF CLAYTON ACT
### Title 15 U.S.C. §§ 12–27, 29 U.S.C. §§ 52–53

33. That here plaintiff incorporates by reference all facts and averments as set forth more fully in paragraphs 1-32, above, as though fully set forth herein, and;

34. That defendants violated the Clayton Act, as codified under **Title 15 U.S.C. §§ 12–27, 29 U.S.C. §§ 52–53, causing the plaintiff** to suffer business harm, ascertainable dmages and other losses.

35. That defendant's intent was to engage in anti-competitive activities through violations of the Clayton Act, and eliminate competition of the plaintiff.

36. That defendant pattern and practice of monopolistic practices against the plaintiff violated the Clayton Act.

**WHEREFORE,** plaintiff Demands a Money Judgment for Treble Damages in the amount of ONE HUNDRED Million Dollars ($100,000,000.00), IN ACTUAL, COMPENSATORY, AND PUNITIVE DAMGES, together with pre and post judgment interest, court costs and reasonable attorney fees, and any other relief the Court deems necessary in the interest of justice.

## COUNT TWO
## FRAUD IN CONCEALMENT

37. That here plaintiff incorporates by reference all facts and averments as set forth more fully in paragraphs 1-36, above, as though fully set forth herein, and;

38. That defendant concealed their surreptitious, nefarious monopolist agenda, to eliminate competition, and convert plaintiff customer base from plaintiff to their own, together with plaintiff inventory being held for ongoing seller store sales by plaintiff in defendant fullfillment center.

**WHEREFORE,** plaintiff Demands a Money Judgment for FIFTY MILLION DOLLARS ($50,000,000,00) in COMPENSATORY, AND PUNITIVE DAMGES, together with pre and post judgment interest, court costs and reasonable attorney fees, and any other relief the Court deems necessary in the interest of justice.

## COUNT THREE
## TORTIOUS INTERFERENCE

39. That here plaintiff incorporates by reference all facts and averments as set forth more fully in paragraphs 1-38 above, as though fully set forth herein, and;

40. That the plaintiff and defendant were parties to a contract, wherein plaintiff participated in defendant online 'seller store' platform for sales in commerce on the internet.

41. That defendant deliberately interfered with plaintiff economic relationship with plaintiff online internet customer base, when it arbitrarily and capriciously terminated the plaintiff 'seller store' contract, without indispensable notice, or cause, following a nine year

10.

business relationship under contract.

**WHEREFORE,** plaintiff Demands a Money Judgment for FIFTY MILLION DOLLARS ($50,000,000,00) in COMPENSATORY, AND PUNITIVE DAMGES, together with pre and post judgment interest, court costs and reasonable attorney fees, and any other relief the Court deems necessary in the interest of justice.

## COUNT FOUR
## VIOLATION OF THE DOCTRINE OF 'GOOD FAITH & FAIR DEALING'

42. That here plaintiff incorporates by reference all facts and averments as set forth more fully in paragraphs 1-41 above, as though fully set forth herein, and;

48. That defendant owed plaintiff a duty of 'good faith and fair dealing' as a party to defendant 'seller store' contract, and abrogated that duty when defendant arbitrarily and capriciously terminated plaintiff nine-year seller store contract, without indispensable notice or cause, causing plaintiff to suffer harm, and financial damages.

**WHEREFORE,** plaintiff Demands a Money Judgment for FIFTY MILLION DOLLARS ($50,000,000,00) in COMPENSATORY, AND PUNITIVE DAMGES, together with pre and post judgment interest, court costs and reasonable attorney fees, and any other relief the Court deems necessary in the interest of justice.

*/s/ D Spata*

**VINCENT F. SPATA ESQ ATTORNEY AT LAW PLLC.**

**By: Vincent F. Spata, Esq. (VS5030)**
**1275 74th Street**
**Brooklyn New York 11228**
**Tel. No/(718) 614-2127**

11.

## PLAINTIFF VERIFICATION

That I Jacob Kellner, President/CEO of I&L Distributing Inc., and plaintiff in the above entitled matter, do hereby state, declare and certify, that I am fully familiar with all of the facts, and circumstances which give rise to my complaint.

That I have read the complaint and hereby verify that all facts and averments as set forth more fully therein as true and correct to the best of my information and belief.

_____
Jacob Kellner,
President/CEO

Sworn to and Subscribed
20th day of January, 2021

Vincent F. Spata
Notary Public State of New York
Qualified in Kings County
Regno 02SP6061317
Comission Expires 7/16/2023

12.